IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00359-MR

| | |
|---|---|
| **DWIGHT WAYNE MOORE, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **FNU FOX, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1] and on the Plaintiff's Letter [Doc. 10]. The Plaintiff is proceeding *in forma pauperis.* [Doc. 6].

**I.    BACKGROUND**

*Pro se* incarcerated Plaintiff filed this civil rights suit pursuant to 42 U.S.C. § 1983 addressing an incident that allegedly occurred at the Foothills Correctional Institution ("Foothills C.I."). He names as Defendants: the Foothills C.I.; FNU Fox and FNU McLean, Foothills C.I. night shift correctional officers; "Mr. Webb"; and "Mr. Mace".

In the Complaint, the Plaintiff alleges that around 8:49 p.m. on October 25, 2020, he was assaulted by two other inmates. [Doc. 1 at 5]. He alleges that "officers" came in and sprayed the Plaintiff, and nobody else, with pepper

spray which "gave one inmate the opportunity to stand up and strike [Plaintiff] with his hands and feet." [Id.]. He alleges that "officers failed to follow policy and protect [the Plaintiff] from [his] long term injuries."[1] [Id.]. The Plaintiff alleges that the incident was witnessed by Defendants Fox and McLean, as well as other inmates. [Id.]. The Plaintiff alleges that the assault caused a loss of vision, a concussion, major headaches, and a torn nerve in his eye. [Id.]. The Plaintiff seeks damages and "help with [his] medical bills." [Id.].

In a Letter docketed on April 7, 2021, the Plaintiff asks the Court whether he can "cancel the lawsuit" and cease making payments towards the filing fee. [Doc. 10 at 1].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. §

---

[1] The Plaintiff appears to suggest that he did not complete the Administrative Remedy Procedure with regards to this incident, stating that he "did not reach the highest level of the grievance process" because Mr. Mace came to talk to him once about the incident but never followed up with the Plaintiff. [Doc. 1 at 7]; [see Doc. 1-1 at 2] (November 6, 2020 Administrative Remedy Procedure). However, the Court declines to address exhaustion *sua sponte*. See generally Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017).

2

1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Plaintiff attempts to name the Foothills C.I. as a Defendant. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, the North Carolina Department of Corrections

3

("NCDPS") and its facilities are not "persons" under § 1983. See Fox v. Harwood, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009). The Plaintiff's claims against Foothills C.I. are therefore dismissed with prejudice.

The Plaintiff names "Mr. Webb" and "Mr. Mace" as Defendants. However, he does not explain who these individuals are or describe how they violated his constitutional rights under the color of state law. The only allegation about Defendant Mace is that he came to speak to the Plaintiff once about the incident, and the Plaintiff makes no factual allegations about Defendant Webb whatsoever. The claims against Defendants Webb and Mace are thus too vague and conclusory to proceed. See Fed. R. Civ. P. 8(a)(2) (short and plain statement is required); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Therefore, the claims against Defendants Webb and Mace are dismissed for failure to state a claim upon which relief can be granted.

The Plaintiff appears to allege that Defendants Fox and McLean failed to follow NCDPS policy and protect him from a violent attack by other inmates.

4

Case 1:20-cv-00359-MR Document 11 Filed 04/15/21 Page 4 of 8

Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinoes v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).  To obtain relief on a § 1983 failure to protect claim, an inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm and that the prison official had a deliberately indifferent state of mind.  Id. at 834.  "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle, 429 U.S. at 105-06); see generally Davidson v. Cannon, 474 U.S. 344, 347-48 (1986) (negligent failure to protect a prisoner from another inmate cannot support a § 1983 claim).

The Plaintiff alleges only that Defendants Fox and McLean witnessed the incident where he was attacked by other inmates and pepper sprayed. It is not clear that they are the "officers" who allegedly administered the pepper spray or were otherwise personally involved in the incident.  Even giving the Plaintiff the very generous inference that Defendants Fox and McLean are the officers who applied the pepper spray, the allegations demonstrate, at most, a negligent application of pepper spray.  Such an allegation is insufficient to support a failure to protect claim.  Therefore, the failure to protect claims against Defendants Fox and McClean are dismissed.

5

Case 1:20-cv-00359-MR   Document 11   Filed 04/15/21   Page 5 of 8

The Plaintiff's claim that Defendants Fox and McClean violated NCDPS policy is also insufficient to proceed. A claim that prison officials have not followed their own policies or procedures does not, by itself, amount to a constitutional violation. See Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Belcher v. Oliver, 898 F.2d 32, 36 (4th Cir. 1990) ("[F]ailure to follow procedures established for the general protection and welfare of inmates does not constitute deliberate disregard for the medical needs of a particular [inmate]."). Thus, the Plaintiff's claim that the Defendants Fox and McClean violated NCDPS policy will be dismissed for failure to state a claim upon which relief can be granted.

The Court will briefly address the Plaintiff's Letter in which he expresses interest in "cancel[ling]" this action. [Doc. 10]. A plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal any time before the adverse party serves him with an answer or a motion for summary judgment, whichever occurs first. See Fed. R. Civ. P. 41(a)(1)(i). Such dismissals are without prejudice unless the notice of dismissal states otherwise. Fed. R. Civ. P. 41(a)(1)(B). The Plaintiff is cautioned, however, that voluntarily dismissing this case will not absolve him

from paying the balance of the filing fee. See 28 U.S.C. § 1915(b)(1) ("if a prisoner brings a civil action … in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee….").

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The claims against the Foothills C.I. are dismissed with prejudice and the remaining claims are dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct its deficiencies and properly state a claim upon which relief can be granted. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that the claims against the Foothills C.I. are **DISMISSED WITH PREJUDICE** and the claims against Defendants Fox, McClean, Webb, and Mace are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Plaintiff shall have thirty (30) days in which to amend the Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 complaint form.

**IT IS SO ORDERED.**

Signed: April 15, 2021

Martin Reidinger
Chief United States District Judge